1

2

3

4

5

6

7

8                               UNITED STATES DISTRICT COURT

9                          FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    RAMON E. MENDEZ,                              No.  2:22-cv-1339 KJN P

12                     Plaintiff,

13           v.                                     ORDER AND FINDINGS AND
                                                    RECOMMENDATIONS
14    CDCR, et al.,

15                     Defendants.

16

17           Plaintiff is a state prisoner, proceeding without counsel.  Plaintiff seeks relief pursuant to

18    42 U.S.C. § 1983.  The instant proceeding was referred to this court pursuant to 28 U.S.C.

19    § 636(b)(1) and Local Rule 302.  On September 1, 2022, plaintiff filed a motion for temporary

20    restraining order.  Pursuant to the court's order, nonparty California Department of Corrections

21    and Rehabilitation ("CDCR") filed a response by special appearance on September 12, 2022.  On

22    September 14, 2022, plaintiff filed a motion to appoint counsel.

23           As set forth below, the undersigned recommends that plaintiff's motion for temporary

24    restraining order, construed as a motion for preliminary injunction, be denied, and plaintiff's

25    motion to appoint counsel is denied.

26    Plaintiff's Complaint

27           Plaintiff requested inclusion in the sensitive needs yard to gain safety from a known

28    prison gang he was allegedly forced to join.  He alleges that on September 3, 2015, CSP-

Sacramento Correctional Officer J. Ortega documented via CDC-1030 that plaintiff was having safety concerns with active members and associates of the prison gang and its sympathizers. (ECF No. 1 at 8.)  The institutional gang investigator Officer J. Ortega disclosed such information to all CDCR employees and staff by putting it in the Strategic Offender Management System ("SOMS") and the Electronic Records management System ("ERMS").  (ECF No. 1 at 9.) Despite this fact, plaintiff was twice assaulted by prison gang hit men, resulting in his transfer to CSP-Sacramento, and ultimately California Medical Facility ("CMF"), where he is presently housed.  Plaintiff claims that upon completion of this mental health programming at CMF he will be transferred back to CSP-Sacramento where he again faces risks of such gang assaults, which risks are now heightened due to prison officials' decisions to house all inmates together rather than employ special needs yards.  Plaintiff has raised his safety concerns in various ways at CMF without receiving an adequate response that his concerns are being taken seriously or being adequately addressed prior to his transfer.

Further, plaintiff alleges defendants refused to investigate, or report to the hiring authority or the Institutional Service Unit ("ISU"), a credible threat against plaintiff and his family, and failed to document the names of known enemies provided by plaintiff.  (ECF No. 1 at 19.) Plaintiff claims that defendant Sgt. Ajon or Arjon refused to collect plaintiff's evidence that he and his parents are on the prison gang's "hit list," and refused to investigate such evidence.  (ECF No. 1 at 14.)  When plaintiff told the sergeant that plaintiff had safety concerns and if housed with such prison gang members or associates or placed on a yard with them or their sympathizers plaintiff would be killed, the sergeant responded, "you'll have a better chance of staying alive, than me investigating all that shit."  (ECF No. 1 at 14.)  When plaintiff pleaded with the sergeant to at least protect plaintiff's parents, the sergeant replied, "It's the [prison gang] bro; tell your family to give them what they want."  (Id.)  The sergeant then concluded the interview, telling plaintiff the sergeant would continue to collaborate with defendant Byrd to issue a report on their findings.

Plaintiff seeks protection while housed in CDCR custody, an updated CDC 812 confidential and nonconfidential form/chrono, and money damages.

2

Motion for Temporary Restraining Order

> Governing Law

A temporary restraining order preserves the status quo before a preliminary injunction hearing may be held; its provisional remedial nature is designed only to prevent irreparable loss of rights prior to judgment.  Granny Goose Foods, Inc. v. Brotherhood of Teamsters & Auto Truck Drivers, 415 U.S. 423, 439 (1974).  However, because plaintiff seeks relief beyond the status quo, the court construes plaintiff's motion as one for preliminary injunctive relief.  The standards for both forms of relief are essentially the same.  See Stuhlbarg Int'l Sales Co. v. John D. Brush & Co., 240 F.3d 832, 839 n.7 (9th Cir. 2001) ("Because our analysis is substantially identical for the injunction and the TRO [temporary restraining order], we do not address the TRO separately.").

"A preliminary injunction is an extraordinary remedy never awarded as of right."  Winter v. Natural Resources Defense Council, Inc., 555 U.S. 7, 24 (2008) (citations omitted); Epona v. Cty. of Ventura, 876 F.3d 1214, 1227 (9th Cir. 2017).  The party seeking a preliminary injunction must establish that "he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest."  Winter, 555 U.S. at 20 (citations omitted); see also American Trucking Ass'ns, Inc. v. City of Los Angeles, 559 F.3d 1046, 1052 (9th Cir. 2009) (quoting Winter, 555 U.S. at 20); Fed. R. Civ. P. 65 (governing both temporary restraining orders and preliminary injunctions).  An injunction may only be awarded upon a clear showing that the plaintiff is entitled to relief.  See Winter, 555 U.S. at 22 (citation omitted).  Also, an injunction against individuals not parties to an action is strongly disfavored.  See Zenith Radio Corp. v. Hazeltine Research, Inc., 395 U.S. 100, 110 (1969) ("It is elementary that one is not bound by a judgment . . . resulting from litigation in which he is not designated as a party. . . .").

The propriety of a request for injunctive relief hinges on a significant threat of irreparable injury that must be imminent in nature.  Caribbean Marine Serv. Co. v. Baldridge, 844 F.2d 668, 674 (9th Cir. 1988).  Speculative injury does not constitute irreparable harm.  See id.; Goldie's Bookstore, Inc. v. Superior Court, 739 F.2d 466, 472 (9th Cir. 1984).  A presently existing actual

1    threat must be shown, although the injury need not be certain to occur.  Zenith Radio Corp., 395

2    U.S. at 130-31; FDIC v. Garner, 125 F.3d 1272, 1279-80 (9th Cir. 1997), cert. denied, 523 U.S.

3    1020 (1998).

4          Discussion

5          In the instant motion, plaintiff claims, inter alia, that he will be transferred back to CSP-

6    Sacramento on September 13, 2022, but because the list of his known enemies or potential

7    enemies has not been updated, he faces a substantial risk of harm upon transfer from CMF to an

8    institution where any such gang member, associate or sympathizer is housed.

9          On the other hand, the CMF litigation coordinator provided evidence confirming that

10   plaintiff is not scheduled for transfer on September 13, 2022, has no pending transfer at this time,

11   and will not be transferred away from CMF until he is discharged by mental health staff at the

12   CMF Psychiatric Inpatient Program ("PIP").  In addition, plaintiff's mental health treatment team

13   confirmed that plaintiff does not have an expected date or time frame for when he might be

14   discharged from the CMF PIP.  (ECF No. 9-1 at 3.)  Further, plaintiff's enemy concerns were

15   updated on February 17, 2022, and if plaintiff is endorsed for transfer in the future, the assistant

16   classification and parole representative would review plaintiff's central file and confidential

17   records to address his safety concerns before plaintiff is discharged from the PIP and transferred

18   away from CMF.  Finally, if plaintiff has additional enemy or safety concerns, the litigation

19   coordinator confirmed that plaintiff may contact his correctional counselor or any other custody

20   staff at CMF to address and investigate such concerns.  (ECF No. 9-1 at 4.)

21         A federal district court may issue emergency injunctive relief only if it has personal

22   jurisdiction over the parties and subject matter jurisdiction over the lawsuit.  See Murphy Bros.,

23   Inc. v. Michetti Pipe Stringing, Inc., 526 U.S. 344, 350 (1999) (noting that one "becomes a party

24   officially, and is required to take action in that capacity, only upon service of summons or other

25   authority-asserting measure stating the time within which the party served must appear to

26   defend.").  The court may not attempt to determine the rights of persons not before it.  See, e.g.,

27   Zepeda v. INS, 753 F.2d 719, 727-28 (9th Cir. 1983).  Pursuant to Federal Rule of Civil

28   Procedure 65(d)(2), an injunction binds only "the parties to the action," their "officers, agents,

4

servants, employees, and attorneys," and "other persons who are in active concert or participation."  Fed. R. Civ. P. 65(d)(2)(A)-(C).

Here, plaintiff seeks broad relief enjoining unidentified prison staff at CMF from transferring plaintiff on September 13, 2022, and compelling other unidentified prison staff to complete an investigation into plaintiff's putative enemy concerns.  Because this court does not have jurisdiction over unidentified individuals who are not named as defendants herein, the court cannot provide such relief.  Zepeda, 753 F.3d at 727-28.

In addition, the undersigned has not yet screened plaintiff's complaint and thus no individual named as a defendant has yet been served with process.

Finally, plaintiff provided no evidence that he was facing imminent transfer or that his confidential records were not updated to reflect his enemy or safety concerns.  Based on the evidence presented by the litigation coordinator, plaintiff failed to demonstrate that the threat of physical or other injury is more than speculative.  See Goldie's Bookstore, 739 F.2d 466 at 472 ("Speculative injury does not constitute irreparable injury.").  The propriety of a request for injunctive relief hinges on a significant threat of irreparable injury that must be imminent in nature.  Caribbean Marine Serv. Co., 844 F.2d at 674.  Plaintiff's claim that he will be transferred to another prison where he will be housed with known enemy gang members is without specific factual or evidentiary support to show that such transfer or housing is imminent as opposed to speculative.  A presently existing actual threat must be shown, although the injury need not be certain to occur.  See Zenith Radio Corp., 395 U.S. at 130-31.  The records show that plaintiff is not presently endorsed for transfer, and also confirm that, contrary to plaintiff's allegations, prison officials already completed the investigation that plaintiff seeks to compel; indeed, plaintiff's potential enemy and safety concerns were updated as of February 17, 2022.  Furthermore, there is a process in place for plaintiff to identify additional safety and enemy concerns through prison staff at CMF prior to any future transfer endorsement.  (ECF No. 9-1 at 4.)  Therefore, while plaintiff claims he is at risk of attack by gang members if transferred to prisons where such gang members or associates are housed, the record reflects that plaintiff's

////

5

1  circumstances have changed such that plaintiff's speculation as to potential future harm does not

2  support plaintiff's right to injunctive relief.

3  Based on all of the above, the undersigned recommends that plaintiff's motion be denied.

4  Motion to Appoint Counsel

5  Plaintiff also requests that the court appoint counsel.[1]  District courts lack authority to

6  require counsel to represent indigent prisoners in section 1983 cases.  Mallard v. United States

7  Dist. Court, 490 U.S. 296, 298 (1989).  In exceptional circumstances, the court may request an

8  attorney to voluntarily represent such a plaintiff.  See 28 U.S.C. § 1915(e)(1).  Terrell v. Brewer,

9  935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir.

10  1990).  When determining whether "exceptional circumstances" exist, the court must consider

11  plaintiff's likelihood of success on the merits as well as the ability of the plaintiff to articulate his

12  claims pro se in light of the complexity of the legal issues involved.  Palmer v. Valdez, 560 F.3d

13  965, 970 (9th Cir. 2009) (district court did not abuse discretion in declining to appoint counsel).

14  The burden of demonstrating exceptional circumstances is on the plaintiff.  Id.  Circumstances

15  common to most prisoners, such as lack of legal education and limited law library access, do not

16  establish exceptional circumstances that warrant a request for voluntary assistance of counsel.

17  Having considered the factors under Palmer, the court finds that plaintiff failed to meet his

18  burden of demonstrating exceptional circumstances warranting the appointment of counsel at this

19  time.

20  Accordingly, IT IS HEREBY ORDERED that:

21  1.  The Clerk of the Court shall appoint a district judge to this action; and

22  2.  Plaintiff's motion to appoint counsel (ECF No. 10) is denied.

23  Further, IT IS RECOMMENDED that plaintiff's motion (ECF No. 6) be denied.

24  ////

25

26  [1]  In this motion, signed by plaintiff on September 6, 2022, plaintiff claimed that he would hang himself that night, and sought appointment of counsel in the event of his demise.  (ECF No. 10 at 2, 3.)  However, as the response by special appearance indicates, plaintiff was housed in the psychiatric inpatient program at CMF on September 6, 2022, and is receiving ongoing mental health care.  (ECF No. 9, passim.)  As of September 19, 2022, plaintiff remains housed at CMF.

6

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, plaintiff may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  September 26, 2022

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/mend1339.tro.pi

7