1

2

3

4

5

6

7

8                                    UNITED STATES DISTRICT COURT

9                                 FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    RAMON EDDIE MENDEZ,                         No.  2:22-cv-1339 KJM KJN P

12                     Plaintiff,

13            v.                                    ORDER

14    CDCR, et al.,

15                     Defendants.

16

17           Plaintiff is a state prisoner, proceeding pro se.  Plaintiff seeks relief pursuant to 42 U.S.C.

18    § 1983, and requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.  This

19    proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

20           Plaintiff submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a).

21    Accordingly, the request to proceed in forma pauperis is granted.

22           Plaintiff is required to pay the statutory filing fee of $350.00 for this action.  28 U.S.C.

23    §§ 1914(a), 1915(b)(1).  By this order, plaintiff is assessed an initial partial filing fee in

24    accordance with the provisions of 28 U.S.C. § 1915(b)(1). By separate order, the court will direct

25    the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and

26    forward it to the Clerk of the Court.  Thereafter, plaintiff is obligated to make monthly payments

27    of twenty percent of the preceding month's income credited to plaintiff's trust account.  These

28    payments will be forwarded by the appropriate agency to the Clerk of the Court each time the

                                                    1

1  amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C.

2  § 1915(b)(2).

3      As set forth below, plaintiff's complaint is dismissed with leave to amend.

4  Screening Standards

5      The court is required to screen complaints brought by prisoners seeking relief against a

6  governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The

7  court must dismiss a complaint or portion thereof if the prisoner raised claims that are legally

8  "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek

9  monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1), (2).

10     A claim is legally frivolous when it lacks an arguable basis either in law or in fact.

11  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th

12  Cir. 1984).  The court may, therefore, dismiss a claim as frivolous when it is based on an

13  indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,

14  490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully

15  pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th

16  Cir. 1989), superseded by statute as stated in Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir.

17  2000) ("[A] judge may dismiss [in forma pauperis] claims which are based on indisputably

18  meritless legal theories or whose factual contentions are clearly baseless."); Franklin, 745 F.2d at

19  1227.

20     Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain

21  statement of the claim showing that the pleader is entitled to relief,' in order to 'give the

22  defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Bell Atlantic

23  Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).

24  In order to survive dismissal for failure to state a claim, a complaint must contain more than "a

25  formulaic recitation of the elements of a cause of action;" it must contain factual allegations

26  sufficient "to raise a right to relief above the speculative level."  Bell Atlantic, 550 U.S. at 555.

27  However, "[s]pecific facts are not necessary; the statement [of facts] need only 'give the

28  defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Erickson v.

2

1  Pardus, 551 U.S. 89, 93 (2007) (quoting Bell Atlantic, 550 U.S. at 555, citations and internal

2  quotations marks omitted).  In reviewing a complaint under this standard, the court must accept as

3  true the allegations of the complaint in question, Erickson, 551 U.S. at 93, and construe the

4  pleading in the light most favorable to the plaintiff.  Scheuer v. Rhodes, 416 U.S. 232, 236

5  (1974), overruled on other grounds, Davis v. Scherer, 468 U.S. 183 (1984).

6  The Civil Rights Act

7       To state a claim under § 1983, a plaintiff must allege facts that demonstrate:  (1) the

8  violation of a federal constitutional or statutory right; and (2) that the violation was committed by

9  a person acting under the color of state law.  See West v. Atkins, 487 U.S. 42, 48 (1988); Jones v.

10  Williams, 297 F.3d 930, 934 (9th Cir. 2002).  An individual defendant is not liable on a civil

11  rights claim unless the facts establish the defendant's personal involvement in the constitutional

12  deprivation or a causal connection between the defendant's wrongful conduct and the alleged

13  constitutional deprivation.  See Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989); Johnson v.

14  Duffy, 588 F.2d 740, 743-44 (9th Cir. 1978).  That is, plaintiff may not sue any official on the

15  theory that the official is liable for the unconstitutional conduct of his or her subordinates.

16  Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009).  The requisite causal connection between a

17  supervisor's wrongful conduct and the violation of the prisoner's constitutional rights can be

18  established in a number of ways, including by demonstrating that a supervisor's own culpable

19  action or inaction in the training, supervision, or control of his subordinates was a cause of

20  plaintiff's injury.  Starr v. Baca, 652 F.3d 1202, 1208 (9th Cir. 2011).

21  Plaintiff's Allegations

22       In his complaint, plaintiff alleges the following.  Plaintiff is a validated Southern Hispanic

23  (Suereno) who is on the EME gang hit list.  (ECF No. 1 at 16-17.)  Plaintiff requested inclusion in

24  the sensitive needs yard to gain safety from a known prison gang he was allegedly forced to join.

25  On September 3, 2015, CSP-Sacramento Correctional Officer J. Ortega documented via CDC-

26  1030 that plaintiff was having safety concerns with active members and associates of the prison

27  gang and its sympathizers.  (ECF No. 1 at 8.)  The institutional gang investigator Officer J. Ortega

28  disclosed such information to all CDCR employees and staff by putting it in the Strategic

3

Offender Management System ("SOMS") and the Electronic Records management System ("ERMS").  (ECF No. 1 at 9.)  Despite this fact, plaintiff was twice assaulted by prison gang hit men, resulting in his transfer to CSP-Sacramento, and ultimately California Medical Facility ("CMF"), where he is presently housed.  Upon completion of this mental health programming at CMF he will be transferred back to CSP-Sacramento where he again faces risks of such gang assaults, which risks are now heightened due to prison officials' decisions to house all inmates together rather than employ special needs yards.  Plaintiff raised his safety concerns in various ways at CMF without receiving an adequate response that his concerns are being taken seriously or being adequately addressed prior to his transfer.

Further, defendants refused to investigate, or report to the hiring authority or the Institutional Service Unit ("ISU"), a credible threat against plaintiff and his family, and failed to document the names of known enemies provided by plaintiff.  (ECF No. 1 at 19.)  Defendant Sgt. Ajon or Arjon refused to collect plaintiff's evidence that he and his parents are on the prison gang's "hit list," and refused to investigate such evidence.  (ECF No. 1 at 14.)  When plaintiff told the sergeant that plaintiff had safety concerns and if housed with such prison gang members or associates or placed on a yard with them or their sympathizers plaintiff would be killed, the sergeant responded, "you'll have a better chance of staying alive, than me investigating all that shit."  (ECF No. 1 at 14.)  When plaintiff pleaded with the sergeant to at least protect plaintiff's parents, the sergeant replied, "It's the [prison gang] bro; tell your family to give them what they want."  (Id.)  The sergeant then concluded the interview, telling plaintiff the sergeant would continue to collaborate with defendant Byrd to issue a report on their findings.

Plaintiff seeks protection while housed in CDCR custody, an updated CDC 812 confidential and nonconfidential form/chrono, and money damages.

Discussion

Eleventh Amendment

Plaintiff names the CDCR and "Department Review Board" as defendants.  The Eleventh Amendment serves as a jurisdictional bar to suits brought by private parties against a state or state agency unless the state or the agency consents to such suit.  See Quern v. Jordan, 440 U.S. 332

4

1  (1979); Alabama v. Pugh, 438 U.S. 781 (1978) (per curiam); Jackson v. Hayakawa, 682 F.2d

2  1344, 1349-50 (9th Cir. 1982).  In the instant case, the State of California has not consented to

3  suit.  Accordingly, plaintiff's claims against the CDCR and CSP-SAC are legally unsustainable

4  and must be dismissed.

5              Eighth Amendment Claims

6         Under the Eighth Amendment, prison officials must "take reasonable measures to

7  guarantee the safety of the inmates."  Hudson v. Palmer, 468 U.S. 517, 526-27 (1984).  This

8  responsibility requires prison officials to protect prisoners from injury by other prisoners.  Farmer

9  v. Brennan, 511 U.S. 825, 833-34 (1994).

10        A "failure to protect" claim under the Eighth Amendment requires a showing that "the

11 official [knew] of and disregard[ed] an excessive risk to inmate health or safety."  Farmer, 511

12 U.S. at 837.  "[T]he official must both be aware of facts from which the inference could be drawn

13 that a substantial risk of serious harm exists, and he must also draw the inference."  Id.  "[I]t is

14 enough that the official acted or failed to act despite his knowledge of a substantial risk of serious

15 harm."  Id. at 842. (citations omitted).  "Whether a prison official had the requisite knowledge of

16 a substantial risk is a question of fact subject to demonstration in the usual ways, including

17 inference from circumstantial evidence, . . . and a factfinder may conclude that a prison official

18 knew of a substantial risk from the very fact that the risk was obvious."  Id. (citations omitted).

19        The Eighth Amendment requires more than a "mere threat" of possible harm.  See Berg v.

20 Kincheloe, 794 F.2d 457, 459 (9th Cir. 1986) ("The standard does not require that the guard or

21 official believe to a moral certainty that one inmate intends to attack another at a given place at a

22 time certain before that officer is obligated to take steps to prevent such an assault.  But, on the

23 other hand, he must have more than a mere suspicion that an attack will occur.")  While a

24 prisoner's failure to give prison officials advance notice of a specific threat is not dispositive with

25 respect to whether prison officials acted with deliberate indifference to the prisoner's safety

26 needs, deliberate indifference will not be found where there is no other evidence in the record

27 showing that the defendants knew of facts supporting an inference and drew the inference of

28 ////

1   substantial risk to the prisoner.  <u>Labatad v. Corrs. Corp. of America</u>, 714 F.3d 1155, 1160-61 (9th

2   Cir. 2013).

3           Here, plaintiff does not challenge the two prior assaults or allege a failure to protect claim

4   based on incidents that occurred prior to his transfer to CSP-SAC.[1]  (ECF No. 1 at 9.)  Rather,

5   plaintiff claims that he faces future harm if he is returned to CSP-SAC where his known enemies

6   are housed.  Plaintiff claims that defendants Hurley, Byrd and Arjon/Ajon failed to properly

7   investigate and document plaintiff's enemy concerns.  However, in his pleading, plaintiff

8   confirms that defendant Arjon/Ajon stated he would continue to collaborate with defendant Byrd

9   to issue a report on their findings.[2]  Plaintiff does not allege that there was no investigation, but

10  rather alleges defendants failed to complete a "full" investigation.  (ECF No. 1 at 18-19.)

11  Moreover, plaintiff relies on a credible threat made against plaintiff and his family by the EME

12  during an interview held in December of 2020.  It is unclear whether or not plaintiff alleges a

13  more recent credible threat was made.  Generally, a prison official's housing decision does not

14  violate the Eighth Amendment merely because it increases the risk of harm to a prisoner; the

15  decision is unconstitutionally deliberately indifferent only if "the risk of harm from" the decision

16  to house an inmate with other dangerous inmates "changes from being a risk of some harm to a

17  substantial risk of serious harm."  <u>Estate of Ford v. Ramirez-Palmer</u>, 301 F.3d 1043, 1051 (9th

18  Cir. 2002).  Plaintiff does not allege that he is at risk of harm while housed at CMF.

19  ////

---

20

21  [1]  It is not clear where the two assaults took place, High Desert State Prison or CSP-Corcoran.
    (ECF No. 1 at 8-9.)  In his first claim, plaintiff alleges he suffered injuries when he was

22  physically assaulted, attempted suicide, and did not receive protection from the threat.  (ECF No.
    1 at 5.)  But plaintiff names no individuals in connection with the prior assaults.  (<u>Id.</u>)  Rather, the

23  only named individuals are located at CMF.

24  [2]  In addition, in response to plaintiff's motion for injunctive relief, the litigation coordinator
    confirmed that Sgt. Byrd completed an investigation on February 17, 2022, and, following the

25  interview with plaintiff, "appropriate classification staff then updated [plaintiff's] 'Confidential
    Offender Separation Alerts,' which is a confidential list of inmates [plaintiff] must be kept

26  separated from."  (ECF No. 9 at 5.)  In addition, the litigation coordinator noted that if plaintiff

27  "has additional enemy or safety concerns, plaintiff can contact his correctional counselor or any
    other custody staff at CMF in order to have his concerns investigated and addressed."  (ECF No.

28  9-1 at 4.)

1  Failure to "Fully" Investigate

2  Plaintiff claims that defendants failed to fully investigate his enemy concerns.  However,

3  such claims do not provide a basis for a plausible § 1983 claim.  To the extent plaintiff is trying to

4  hold defendants liable for an independent, unspecified constitutional violation based upon an

5  allegedly inadequate investigation, there is no such claim.  See Gomez v. Whitney, 757 F.2d

6  1005, 1006 (9th Cir. 1985) (per curiam) ("[W]e can find no instance where the courts have

7  recognized inadequate investigation as sufficient to state a civil rights claim unless there was

8  another recognized constitutional right involved."); Page v. Stanley, 2013 WL 2456798, at *8-9

9  (C.D. Cal. June 5, 2013) (dismissing Section 1983 claim alleging that officers failed to conduct

10  thorough investigation of plaintiff's complaints because plaintiff "had no constitutional right to

11  any investigation of his citizen's complaint, much less a 'thorough' investigation or a particular

12  outcome"); See also Pickett v. Williams, 498 F. App'x 699, 700 (9th Cir. 2012) (unpublished)

13  ("[T]here is no constitutional right to request an investigation or receive administrative review of

14  prison disciplinary proceedings.")  Thus, plaintiff's claims that defendants failed to "fully"

15  investigate plaintiff's allegations are dismissed without leave to amend.

16  Leave to Amend

17  The court finds the allegations in plaintiff's complaint so vague and conclusory that it is

18  unable to determine whether the current action is frivolous or fails to state a claim for relief.  The

19  court determines that the complaint does not contain a short and plain statement as required by

20  Fed. R. Civ. P. 8(a)(2).  Although the Federal Rules adopt a flexible pleading policy, a complaint

21  must give fair notice and state the elements of the claim plainly and succinctly.  Jones v. Cmty.

22  Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984).  Plaintiff must allege with at least some

23  degree of particularity overt acts which defendants engaged in that support plaintiff's claim.  Id.

24  Because plaintiff failed to comply with the requirements of Fed. R. Civ. P. 8(a)(2), the complaint

25  must be dismissed.  The court, however, grants leave to file an amended complaint.

26  If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions

27  about which he complains resulted in a deprivation of plaintiff's constitutional rights.  See, e.g.,

28  West v. Atkins, 487 U.S. 42, 48 (1988).  Also, the complaint must allege in specific terms how

7

each named defendant is involved.  Rizzo v. Goode, 423 U.S. 362, 371 (1976).  There can be no

liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a

defendant's actions and the claimed deprivation.  Rizzo, 423 U.S. at 371; May v. Enomoto, 633

F.2d 164, 167 (9th Cir. 1980).  Furthermore, vague and conclusory allegations of official

participation in civil rights violations are not sufficient.  Ivey v. Bd. of Regents, 673 F.2d 266,

268 (9th Cir. 1982).

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to

make plaintiff's amended complaint complete.  Local Rule 220 requires that an amended

complaint be complete in itself without reference to any prior pleading.  This requirement exists

because, as a general rule, an amended complaint supersedes the original complaint.  See Ramirez

v. County of San Bernardino, 806 F.3d 1002, 1008 (9th Cir. 2015) ("an 'amended complaint

supersedes the original, the latter being treated thereafter as non-existent.'" (internal citation

omitted)).  Once plaintiff files an amended complaint, the original pleading no longer serves any

function in the case.  Therefore, in an amended complaint, as in an original complaint, each claim

and the involvement of each defendant must be sufficiently alleged.

In accordance with the above, IT IS HEREBY ORDERED that:

1.  Plaintiff's request for leave to proceed in forma pauperis is granted.

2.  Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.  Plaintiff

is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C.

§ 1915(b)(1).  All fees shall be collected and paid in accordance with this court's order to the

Director of the California Department of Corrections and Rehabilitation filed concurrently

herewith.

3.  Plaintiff's complaint is dismissed.

4.  Within thirty days from the date of this order, plaintiff shall complete the attached

Notice of Amendment and submit the following documents to the court:

a.  The completed Notice of Amendment; and

b.  An original of the Amended Complaint.

Plaintiff's amended complaint shall comply with the requirements of the Civil Rights Act, the

1    Federal Rules of Civil Procedure, and the Local Rules of Practice.  The amended complaint must

2    also bear the docket number assigned to this case and must be labeled "Amended Complaint."

3         Failure to file an amended complaint in accordance with this order may result in the

4    dismissal of this action.

5    Dated:  January 26, 2023

6

7                                                  KENDALL J. NEWMAN
                                                   UNITED STATES MAGISTRATE JUDGE

8    /mend1339.14n

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                      FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    RAMON EDDIE MENDEZ,                      No. 2:22cv1339 KJM KJN P

12                          Plaintiff,

13              v.                             NOTICE OF AMENDMENT

14    CDCR, et al.,

15                          Defendants.

16          Plaintiff hereby submits the following document in compliance with the court's order

17    filed_____.

18                      _____        Amended Complaint

19    DATED:

20

21                                            _____
                                              Plaintiff

22

23

24

25

26

27

28